UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| MOBUCK RICH, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 1:10-cv-08145 |
| WILLIAM FIORETTI, | ) ) Judge John W. Darrah |
| Defendant, | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mobuck Rich, Inc., filed a Complaint against Defendant, William Fioretti, arising out of a dispute over a loan made pursuant to a Promissory Note and Escrow Agreement entered into by Defendant and Sigmund Eisenschenk. Plaintiff alleges Eisenschenk assigned the Promissory Note ("Note") to Plaintiff. Plaintiff now seeks damages from Defendant for breach of contract due to nonpayment on the Note. Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and alternatively moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

## BACKGROUND

For the purpose of resolving a Motion to Dismiss, Plaintiff's Complaint is construed in a light most favorable to Plaintiff: well-pleaded facts are accepted as true, and inferences are drawn in Plaintiff's favor. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Defendant is the president of a closely-held biotech company, TransgenRX Inc., located in Baton Rouge, Louisiana. (Compl. ¶ 4.) On or about December 1, 2005, Defendant and Sigmund Eisenschenk entered into a Promissory

Note and Escrow Agreement. (*Id.* ¶ 7.) At the time this agreement was entered into, Sigmund Eisenschenk was a resident of Illinois. (Def.'s Mem. at 6.) In the Note, Defendant agreed to pay Eisenschenk the sum of six hundred twenty thousand dollars ($620,000.00), plus interest. (Compl. ¶ 7.) Defendant executed the Note. (*Id.* ¶ 8.)

The Note was "issued pursuant to the terms of that certain Letter of Intent, dated as of November 23, 2005." (Compl. Ex. 1 at 1.) By executing the Note, Defendant agreed to make payment on the Note on or before March 1, 2006. (Compl. ¶ 9.) Defendant failed to make a payment on the Note prior to or on March 1, 2006. (*Id.* ¶ 10.) Furthermore, at the time the Complaint was filed, no payment had been made, and the entire balance remains outstanding. (*Id.* ¶ 11.) On or around August 29, 2010, Sigmund Eisenschenk assigned the Note for valid consideration to a corporation yet to be formed pursuant to a Formation Agreement. (*Id.* ¶ 12.) That corporation, Plaintiff, Mobuck Rich Inc., was formed November 3, 2010, and pursuant to the Formation Agreement, now holds the Note. (*Id.* ¶ 13.) On December 22, 2010, Plaintiff filed suit, seeking to recover the balance due on the Note, plus interest. (*Id.* ¶ 20.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal when a court lacks personal jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant moves for dismissal based on a court's lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citations omitted). A court may consider matters outside the pleadings when ruling on a Rule 12(b)(2) motion to dismiss. *See id.* Where, as here, no evidentiary hearing was held

as to jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction based on written materials. *Id.* (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). A court determining whether the *prima facie* standard has been met will resolve all relevant facts presented in the record in favor of the plaintiff. *Id.* (citing *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)).

Alternatively, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), alleging improper forum. Fed. R. Civ. P. 12(b)(3). When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Moore v. AT&T Latin America Corp.*, 177 F.Supp.2d 785, 788 (N.D.Ill. 2001) (*Moore*) (citing *First Health Group Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 WL 139474, at *2 (N.D.Ill. Jan. 31, 2000)). Factual conflicts are resolved in favor of the plaintiff, and the court may draw reasonable inferences from those facts. *Id.*

## ANALYSIS

### *Personal Jurisdiction*

In his Motion to Dismiss, Defendant alleges a lack of personal jurisdiction over him under Rule 12(b)(2). In his Memorandum in Support of the Motion to Dismiss, Defendant alleges he "never solicited the Letter of Intent, Note or Agreement on any visit he may have made to Illinois." (Def.'s Mem. at 3.) Moreover, Defendant alleges he has no substantial contact with the State of Illinois and lacks the minimum contacts with the State of Illinois necessary to establish jurisdiction. *Id.*

Federal courts have diversity jurisdiction when the controversy exceeds $75,000 and "is between citizens of different States." 28 U.S.C. § 1332(a)(3). A federal court sitting in diversity will have personal jurisdiction over a non-resident party if the forum

state court would have jurisdiction over him. *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1994). The Illinois long-arm statute allows for Illinois courts to exercise personal jurisdiction over a party who engages in the transaction of business within the state; "the making . . . of any contract or promise substantially connected with this State"; and "on any other basis . . . permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209. When the defendant's contacts with a state are enough to satisfy personal jurisdiction under the long-arm statute, a court may permissibly exercise that jurisdiction if a defendant has "purposely avail[ed] itself of the privilege of conducting activities" in the forum state such that it "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (*Burger King*) (internal quotation marks and citations omitted).

First, Plaintiff must establish diversity jurisdiction. Here, the controversy in question exceeds the $75,000 statutory minimum, and the parties are diverse. (Compl. ¶¶ 1-3.) Thus, diversity jurisdiction has been established. *See* 28 U.S.C. § 1332(a).

Next, pursuant to the Illinois long-arm statute, Plaintiff alleges Defendant entered into a Note and Escrow Agreement with a resident of Illinois, Sigmund Eisenschenk, under which Eisenschenk agreed to loan Defendant $620,000.00 to be paid back with interest on or before March 1, 2006. (Compl. ¶¶ 7-9.) Defendant's own American Express records (submitted by Defendant) show he purchased an American Airlines ticket to Chicago in January 2004 and also stayed at a hotel in Evanston, Illinois, in November 2004. (Def.'s Reply, Ex. 2.) Consistent with Defendant's records, Plaintiff contends Defendant made several trips to Illinois in connection with the Note at issue. (Pl.'s Resp. at 4.) By contracting with an Illinois resident, Defendant transacted business

in the State of Illinois as defined by the Illinois Long-Arm Statute. 735 Ill. Comp. Stat. 5/2-209(a)(1). This contact, and the travel to the state in connection with it, is enough to satisfy personal jurisdiction.

Finally, Defendant established sufficient contacts with the State of Illinois to which he should have reasonably anticipated litigation arising in Illinois. Defendant is correct in citing that contact with the forum must not be the result of "random," "fortuitous," or "attenuated" contacts. *Burger King*, 471 U.S. at 475. However, when a defendant creates "continuing obligations" between himself and residents of the forum, he gains the privilege of conducting business there. *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648 (1950). "[B]ecause his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King,*, 471 U.S. at 476 (internal quotes omitted). Here, Defendant created a continuing obligation between himself and Sigmund Eisenschenk, an Illinois resident, when Defendant agreed to repay the loan to him on or before March 1, 2006. (Compl. ¶¶ 7-9.) When Defendant failed to repay the loan by March 1, 2006, he created a foreseeable injury to Eisenschenk. Taken as true, Plaintiff has met its *prima facie* burden of establishing that Defendant engaged in a business transaction in Illinois by entering into a Note and Escrow Agreement with an Illinois citizen, thus preventing a dismissal based on lack of personal jurisdiction. Defendant's Motion to Dismiss based on lack of personal jurisdiction is therefore denied.

*Improper Venue*

In the alternative, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Defendant alleges venue should be limited to

those states (Delaware, Texas, and Virginia) mentioned in the Letter of Intent. (Def.'s Mem. at 3.) In contrast, Plaintiff alleges that the forum-selection language used in the Letter of Intent is merely permissive and allows for a suit to be brought in the Northern District of Illinois. (Pl.'s Resp. at 5.)

"Like any contract provision, a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (*Paper Exp.*) (citing *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990)).

If the language in a contract is permissive, then venue must still be proper under 28 U.S.C. §1391, which provides:

> A civil action may be brought in —
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C §1391(b).

Plaintiff and Defendant disagree as to whether the provision is mandatory or merely permissive. The provision states, "the undersigned hereby submit to personal jurisdiction in courts having jurisdiction over matters arising in Delaware, Texas, and Virginia." (Def.'s Mem., Ex. A ¶ 12.) In *Paper Exp*, the Seventh Circuit found a venue clause mandatory because of the use of phrases like "shall be filed" and "all disputes."[1]

---

[1] In the *Paper Exp.* case, the venue clause at issue stated:

*Paper Exp.*, 972 F.2d at 756. In the clause at issue here, no such mandatory phrases were employed. The clause does not declare that those states listed are the exclusive venues where an action can be brought but merely states that the contracting parties agree to submit to the personal jurisdiction of at least those courts with regard to matters arising in those states. In making a determination as to whether the venue clause is mandatory or permissive, the Seventh Circuit has held that where a venue clause contains "mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Muzumdar v. Wellness Intern. Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006) (citing *Paper Exp.*, 972 F.2d at 757). Therefore, the venue clause is permissive, not mandatory.

Finding that the language used is permissive, venue must still be proper under 28 U.S.C. §1391(b). Subsection (b)(2) of the statute provides that venue is proper if a "substantial part of the events or omissions giving rise to the claim occurred" in the relevant venue. Defendant contends almost no relevant activity took place within the State of Illinois. (Def.'s Reply at 4). Plaintiff disputes this contention. (Pl.'s Resp. at 6.) On a motion to dismiss, conflicts are resolved in favor of the nonmoving party, here, Plaintiff. *Moore*, 177 F. Supp. 2d at 788. Plaintiff alleges Defendant visited Illinois several times to discuss the terms of the Note with a resident of the Northern District of

---

"In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier, or its branch office which is carrying out the delivery, if the purchaser is a qualified businessman, a legal entity created by law, or a fund created by public law. The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business." *Paper Exp.*, 972 F.2d at 755.

7

Illinois and ultimately agreed to the terms of the Note. (Pl.'s Resp. at 6.) *See also* Pl.'s Surreply, Ex. 2, ¶ 5 (Sigmund Eisenschenk swears under penalty of perjury that "In execution of the Note, on multiple occasions in or about 2004 and 2005, Defendant . . . came to me in Chicago, Illinois and Evanston, Illinois for the purpose of soliciting me for an investment that resulted in the promissory note at issue in this lawsuit."). Then, Plaintiff alleges, Defendant breached the contract he made with the Illinois resident when he failed to repay the loan by March 1, 2006. (Compl. ¶ 10.) Thus, a substantial part of the events giving rise to the contract and subsequent claim occurred within the Northern District of Illinois, and venue is proper. Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(3) for improper venue is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss on the bases of lack of personal jurisdiction or, in the alternative, for improper venue is denied.

Date: June 26, 2012

JOHN W. DARRAH
United States District Court Judge