UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOBUCK RICH, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILLIAM FIORETTI, | ) Case No. 10-cv-8145 |
| Defendant. | ) ) Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mobuck Rich, Inc. ("Mobuck"), filed a Complaint against Defendant, William Fioretti ("Fioretti"), on December 22, 2010, asserting Fioretti breached a contract assigned to Mobuck. The parties filed cross-motions for summary judgment, which have been fully briefed. Each party contends that no genuine issue of material fact remains and that it is entitled to judgment as a matter of law. For the reasons set forth below, both motions are denied.

## BACKGROUND

Local Rule 56.1(a)(3) requires a party moving for summary judgment to include "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law . . . ." Subsequently, the nonmoving party must file a response to these facts, including supporting references for any disagreement, and its own additional facts that require denial of summary judgment. N.D. Ill. Rule 56.1(b)(3). Failure to properly contest a fact under these rules will result in its admission. *See Perez v. Thorntons, Inc.*, 731 F.3d 699, 712 (7th Cir. 2013).

An answer that does not cite to evidence in the record is mere argument and "constitutes an admission." *McGuire v. United Parcel Service*, 152 F.3d 673, 675 (7th Cir. 1998). Similarly,

a statement which relies upon inadmissible hearsay effectively cannot be supported and is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

The following facts[1] are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.[2] Mobuck is a Nevada Corporation with a place of business in Illinois. (Mobuck's Response to SOF ¶ 1.) Fioretti is a United States citizen and was a resident of Louisiana at all times relevant to this action. (Fioretti SOF ¶ 2.) This Court has jurisdiction over the matter because of complete diversity, and venue is proper. (*Id.* ¶ 3-4.)

In 1998, Fioretti was a partial owner and chairman of Nanomatrix, Inc., "a company in the field of constructing connective tissue." (*Id.* ¶¶ 5-6.) In or around 2003, Fioretti was also working for a company known as TransGenRx, where he met Sigmund Eisenschenk ("Eisenschenk") who had invested nearly one million dollars in TransGenRx. (*Id.* ¶ 7.) Eisenschenk expressed interest in acquiring a biotechnology unit for his investments. (*Id.* ¶ 9.) Fioretti relayed that Nanomatrix was in financial trouble, and the two discussed the possibility of Eisenschenk investing $1,900,000 in exchange for Fioretti's shares in the company. (*Id.* ¶¶ 10-

---

[1] All items admitted from Plaintiff's Statement of Undisputed Material Facts are designated "Fioretti SOF," with the corresponding paragraph referenced; items admitted from Defendant's Statement of Undisputed Facts are designated "Mobuck SOF," with the corresponding paragraph referenced. Likewise, disputes taken from Mobuck's Response to Defendant's Statement of Undisputed Facts are designated "Mobuck Response to SOF," with the corresponding paragraph referenced. Inexplicably, Fioretti submits two responses to Mobuck's SOF, *both* titled "Defendant's Response to Plaintiff's Statement of Undisputed Material Facts, and Statement of Additional Facts In Opposition to Plaintiff's Motion for Summary Judgment Under Local Rule 56.1." To the extent that these documents must be referenced, they will be by their respective Docket Numbers.

[2] Mobuck moves that all facts asserted by Fioretti should be struck because Fioretti did not include exhibits with his timely filed SOF. However, Fioretti frequently cites to exhibits in his SOF that he would later file. Mobuck's motion is denied.

12.) Attorney Dennis Hayes was paid to draft an agreement, which was then circulated among the parties for review. (Def.'s Dkt. No. 137 ¶ 15.)

Fioretti and Eisenschenk entered into the agreement on December 1, 2005, in which Fioretti did receive $620,000, and his shares of Nanomatrix were to be put in escrow. (Fioretti SOF ¶¶ 13-15.) There was also an agreement that Eisenschenk would fund the monthly expenses of Nanomatrix up to $75,000, but the parties dispute whether these were joined in one or constituted separate agreements. (Mobuck Response to SOF ¶¶ 16, 19.) Eisenschenk resided in Evanston, Illinois, at least until 2005, and signed the agreement while he was a resident of Illinois. (Def.'s Dkt. No. 137 ¶ 10.)

The agreement contains a provision requiring Fioretti to pay Eisenschenk the principal amount, $620,000, along with interest, by March 1, 2006. (*Id.* ¶ 21.) Additionally, the agreement provides that if "the parties do not enter Definitive Agreements on or before March 1, 2006," a new 1-year promissory note will be drafted, requiring quarterly payments of the remaining portion of the principal. (*Id.* ¶ 22.) There is also a provision within the document, indicating Delaware law would apply to disputes. (Fioretti SOF ¶ 25.)

At no point did Eisenschenk ever request return of any part of the $620,000 paid to Fioretti. (Fioretti SOF ¶ 21.) Neither Eisenschenk nor Fioretti ever drafted a 1-year promissory note after March 1, 2006. (Def.'s Dkt. No. 137 ¶ 32-33.) Fioretti did apply $500,000 of the $620,000 received from Eisenschenk toward a loan, after which Fioretti was cleared from bankruptcy. (Def.'s Dkt. No. 137 ¶ 28.)

Benjamin Warner is the sole shareholder and President of Mobuck Rich, Inc. (*Id.* ¶ 30.) On or about August 29, 2010, Eisenschenk entered into an agreement with Warner, but the parties dispute the nature of that agreement. (Mobuck Response to SOF ¶¶ 32-33.) After the

3

agreement was made, Mobuck made attempts to contact Fioretti, but Fioretti never responded. (Def.'s Dkt. No. 137 ¶ 51-52.)

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)) (internal quotations omitted). Although such a showing permits all reasonable inferences be drawn in the nonmoving party's favor, the evidence presented must permit the reliance of a reasonable jury. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1112-1113 (7th Cir. 2013) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). It must "make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex*, 477 U.S. at 317.

**ANALYSIS**

Summary judgment is appropriate only if no issues of material fact remain. Yet, an objective reading of both parties' reveals at least two such material issues.

First, the parties disagree briefs on several factual issues surrounding the negotiability of the promissory note. *Compare* (Pl. Opp. at 6) *with* (Def.'s Mem. in Support at 9). More specifically, neither party seems entirely sure whether the agreement at issue even qualifies as a promissory note. As Mobuck asserts, inquiries into whether the agreement qualifies as a "security" are determined by detailed factual analysis. *Reves v. Ernst & Young*, 494 U.S. 56, 66

4

(1990) ("First, we examine the transaction to assess the motivations that would prompt a reasonable seller and buyer to enter into it.") As the parties disagree entirely on the motivations attendant to the formation of the agreement, this issue is inappropriate for summary judgment.

Second, Fioretti argues that collateral in escrow is the "exclusive remedy" within the agreement. (Def.'s Mem. in Support at 11.) At the same time, Mobuck insists that the escrow agreement should not be incorporated into any reading of the promissory note. (Pl. Opp. at 7.) Absent an agreement as to which documents were to be included in the agreement, a factual determination of the events surrounding the formation of the agreement is necessary.

Each of these issues presents a factual dispute incapable of resolution by summary judgment; therefore, summary judgment is improper for either party.

## CONCLUSION

For the foregoing reasons, both Mobuck's [129] and Fioretti's [130] motions for summary judgment are denied.

Date:     February 24,2014     _____
                                                                 JOHN W. DARRAH
                                                                 United States District Court Judge